IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF FLORIDA, TAMPA DIVISION

| | |
|---|---|
| Jill Richardson,<br><br>    Plaintiff,<br><br>v.<br><br>Examworks, Inc., a Delaware corporation, and **Medical Evaluation Specialists, Inc.**, a Michigan corporation,<br><br>    Defendants | Civil Action<br><br>Case No: |

8:14 cv2157 36 AEP

2014 SEP -2 PM 12:16

FILED

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **Jill Richardson** ("Plaintiff"), sues Defendants **Examworks, Inc.**, a Delaware corporation ("Examworks"), and **Medical Evaluation Specialists, Inc.**, a Michigan corporation ("MES"), and states as follows:

### SUBJECT MATTER JURISDICTION

1.  Jurisdiction is proper in this Court pursuant to 29 U.S.C. 216(b), the jurisdictional provision of the Fair Labor Standards Act ("FLSA"), and pursuant to 28 U.S.C. sec. 2201-2202, the Federal Declaratory Judgment Act.

### PARTIES

2.  At all material times, Defendant Examworks was a Delaware corporation.

3.  Defendant Examworks does business in the State of Florida, maintains an office in the State of Florida, and is registered to do business in the State of Florida with the Florida Department of State.

4.  Defendant Examworks also employed the Plaintiff in the State of Florida.

5.  Therefore, this Court has personal jurisdiction over Defendant Examworks.

1

TPA-2 5434
$400

6.   At all material times, Defendant MES was a Michigan corporation.

7.   Defendant MES does business in the State of Florida, maintains an office in the State of Florida, and is registered to do business in the State of Florida with the Florida Department of State.

8.   Defendant MES also employed the Plaintiff and other employees in the State of Florida.

9.   Therefore, this Court has personal jurisdiction over Defendant MES.

10.   At all relevant times, Defendants MES and Examworks are in the business of providing independent medical examinations, peer review, and various business solutions related to workers' compensation and other legal claims. Both MES and Examworks do business in multiple states.

11.   At all material times, Defendant Examworks was an "employer" as defined by the FLSA.

12.   At all material times, Defendant MES was an "employer" as defined by the FLSA.

13.   At all material times, Defendants Examworks and MES were "engaged in commerce" as defined by the FLSA.

14.   At all material times, Defendants Examworks and MES were engaged in unified operation or common control for a common business purpose.

15.   At all material times, Defendants Examworks and MES were operated as an "enterprise" as defined by the FLSA.

16.   The annual gross revenue of the Defendants was in excess of $500,000 per year during the time period at issue in this lawsuit.

17.   At all material times, the Plaintiff was, and continues to be, a resident of Polk County, Florida and worked for the Defendants in the state of Florida.

2

18. At all material times, Plaintiff was "engaged in commerce" as defined by the FLSA.

19. At all material times, Plaintiff was an "employee" of each of the Defendants as defined by the FLSA.

20. At all material times, Defendants were each the Plaintiff's "employers" as defined by the FLSA.

21. Notwithstanding, and in the alternative, even if only one of the Defendants employed the Plaintiff, Defendants are subject to enterprise coverage under the FLSA pursuant to 29 U.S.C. sec. 203(s)(1)(B).

22. Venue is appropriate in this Court because a substantial part of the actions giving rise to the claim, the failure to pay overtime compensation to Plaintiff, occurred in this district, where the Plaintiff worked from. In addition, Defendants would be subject to personal jurisdiction in this Court district if it were a state, and Defendants maintain offices in this district.

## FACTS

23. Plaintiff was employed to coordinate the recruitment of physicians for Defendants' medical panels and reviewed the credentials of those physicians.

24. Defendants' classified Plaintiff as an "exempt" employee under the FLSA until February 17, 2014. She did not receive overtime compensation for hours worked over 40 in a work week prior to February 17, 2014.

25. Prior to February 17, 2014, Defendants did not keep records of Plaintiff's hours worked.

26. On February 17, 2014, Defendants changed Plaintiff's classification to "non-exempt" and began paying her overtime compensation for hours worked over 40 in a work week.

3

27. Plaintiff should have been classified as "non-exempt" prior to February 17, 2014, but Defendants have not paid Plaintiff any additional compensation for hours she worked in excess of 40 in any work weeks prior to February 17, 2014.

28. At various times prior to February 17, 2014, Plaintiff worked in excess of 40 hours within a work week.

29. Defendants failed to compensate Plaintiff at a rate of one and one-half times her regular rate for all hours worked in excess of forty hours in a work week prior to February 17, 2014

30. Plaintiff has retained The Brinson Firm to represent her in this litigation and has agreed to pay a reasonable fee for the firm's services.

## COUNT I – RECOVERY OF OVERTIME COMPENSATION

31. Plaintiff restates the allegations of paragraphs 1 through 29, above.

32. The Defendants have violated the FLSA by:

   a. Failing to compensate Plaintiff at one and on-half times her regular rate for all hours worked in excess of forty hours per week;

   b. Failing to comply with the time tracking and record-keeping requirements of the FLSA and associated regulations.

33. Defendants actions were willful and/or showed reckless disregard for the provisions of the FLSA.

34. Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

35. Due to the willful and unlawful acts of Defendants, Plaintiff suffered damages and lost compensation for time worked in excess of forty hours per week.

36. Plaintiff is also entitled to liquidated damages pursuant to the FLSA.

37.    Plaintiff is also entitled to an award of reasonable attorney's fees and costs pursuant to the FLSA.

## COUNT II – DECLARATORY JUDGMENT

38.    Plaintiff restates the allegations of paragraphs 1 through 29, above.

39.    Plaintiff and Defendants have a dispute pending concerning violations of the FLSA over which this Court has jurisdiction.

40.    This Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. sec. 2201-2202.

41.    The Defendants have violated the FLSA by:

a.  Failing to compensate Plaintiff at one and on-half times her regular rate for all hours worked in excess of forty hours per week;

b.  Failing to comply with the time tracking and record-keeping requirements of the FLSA and associated regulations.

42.    Plaintiff is entitled to declaratory relief.

43.    Plaintiff is entitled to overtime compensation.

44.    Plaintiff is entitled to an equal amount of liquidated damages.

45.    It is in the public interest to have these declarations of rights recorded.

46.    Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal dispute at issue.

47.    The declaratory judgment action terminates and affords relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that a judgment be entered in her favor against Defendants:

5

a.  Declaring, pursuant to 29 U.S.C. sec. 2201-2202, that the acts and practices complained of are in violation of the FLSA;

b.  Awarding Plaintiff overtime compensation in the amount due for all time worked in excess of forty hours per work week;

c.  Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d.  Awarding Plaintiff reasonable attorney's fees and costs and expenses of litigation pursuant to 29 U.S.C. sec. 216(b);

e.  Awarding Plaintiff pre-judgment interest; and

f.  Ordering any further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted August 29, 2014.

J. Kemp Brinson
Fla. Bar No. 752541
The Brinson Firm
PO Box 582
Winter Haven, FL 33882
(863) 288-0234
kbrinson@brinsonfirm.com
Trial counsel for Plaintiff

6